UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RYAN MARINES SERVICES, INC. § § Plaintiff § § § C. A. NO. 3:20-00034 § VS. § ADMIRALTY § M/V DONNA BOUCHARD, M/V KIM § RULE 9 (H), F.R.C.P. BOUCHARD AND M/V DANIELLE § BOUCHARD, their engines, tackle, § appurtenances, etc., *in rem*, and § BOUCHARD TRANSPORTATION CO., INC.,§ *in personam.* § § Defendants § | |

## AMENDED VERIFIED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGES FOR
THE SOUTHERN DISTRICT OF TEXAS, GALVESTON DIVISION:

COMES NOW plaintiff Ryan Marines Services, Inc., sometimes referred to herein as "Plaintiff or Ryan Marine" and in accordance with the Minute Entry of a status conference with United States Magistrate Judge Andrew M. Edison held on February 28, 2020 in which leave was granted to plaintiff to amend it complaint, now complaining of the defendants M/V DONNA BOUCHARD, M/V KIM BOUCHARD and M/V DANIELLE BOUCHARD, their engines, tackle, appurtenances, etc., *in rem* and Bouchard Transportation Co., Inc, Tug Donna Bouchard Corp, Tug Kim Bouchard Corp. and Tug Danielle Bouchard Corp., *in personam,* and would as its causes of action allege as follows:

1.  This is a case within the Court's admiralty and maritime jurisdiction, 28 U.S.C.,

§ 1333, being filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

2. Plaintiff is a corporation organized and existing under the laws of the State of Texas with its offices and principal place of business in Galveston, Texas. At all time material hereto this plaintiff was engaged and is engaged in the business of providing launch and other services and necessaries to the *in rem* defendant vessels and their owners and/or operators Bouchard Transportation Co. Inc., Tug Donna Bouchard Corp, Tug Kim Bouchard Corp. and Tug Danielle Bouchard Corp., as their interests may appear.

3. Plaintiff brings this action to collect the monies due for the breach of contracts and for unpaid invoices related to each of the vessels identified herein for services and necessaries which were provided and rendered by Plaintiff to the *in rem* and *in personam* defendants as well as to enforce their maritime liens against the respective vessels for which such services and necessaries were provided and rendered.

4. Each of the *in rem* defendants are currently or may soon be within the jurisdiction and the jurisdiction of this Court where each and every one of same may be seized and arrested by the U.S. Marshal..

5. Bouchard Transportation Co., Inc. is and was, at all times material hereto, the owner and/or operator of the three identified by vessels. Said Defendant has appeared and answered herein and service of this Amended Verified Complaint may be served on its attorney-in-charge as reflected in the certificate of service.

Defendants Tug Donna Bouchard Corp, Tug Kim Bouchard Corp. and Tug Danielle Bouchard Corp. are said by defendant Bouchard Transportation Co. Inc. to be the registered owners of the *in rem* defendants M/V DONNA BOUCHARD, M/V KIM BOUCHARD and M/V

DANIELLE BOUCHARD, respectively. Each of these *in personam* defendants are corporations organized and existing under the laws of states other than Texas but having been conducting business in the State of Texas without appointing a registered agent in Texas for service of process. Therefore, subject to the provisions of what is commonly known as the Texas Long Arm Statute and, pursuant to Section 17.091 of the Texas Civil Practice and Remedies Code, has appointed the Secretary of State of Texas, James Earl Rudder Building, 1019 Brazos Street, Austin, Texas 78701 as its statutory agent for service of process. The last known mailing address for each of said defendants is 58 South Service Road Suite 150, Melville, New York 11747.

6. Commencing on or about April 4, 2019, defendants and those authorized to act on behalf of the identified vessels requested that plaintiff provide services and necessaries to the respective vessels based on plaintiff's usual terms and conditions as agreed at plaintiff's usual and customary charges for such services. Such services are generally known as launch services being the transportation of crew, passengers and equipment to the respective vessels in furtherance of each vessel's mission. Details as to the actual services and necessaries performed for each vessel are set out in the invoices and supporting documents attached hereto as Exhibit "A" and incorporated herein by this reference as though set out verbatim..

7. Plaintiff submitted invoices totaling $35,356.25, which are part of Exhibit "A" for each trip made by plaintiff to each vessel, a summary of which would be as follows:

    M/V DONNA BOUCHARD $ 6,312.50
    M/V KIM BOUCHARD  $ 2,737.50
    M/V DANIELLE BOUCHARD $ 26,306.25

Plaintiff seeks to recover such sums respectively from defendants, as their interests may appear and to enforce any maritime lien it might have against said vessel and/or any other lien as provided by

the as provided by the laws of the United States or the State of Texas. In particular plaintiff submits that defendant Bouchard Transportation Co. Inc. represented to plaintiff that it was the owner and operator of the respective vessels and accordingly is liable for the sums sought herein. Alternatively, the defendants Tug Donna Bouchard Corp., Tug Kim Bouchard Corp. and Tug Danielle Bouchard Corp. jointly of severally liable to plaintiff for the respective charges for the vessel it owned as set out hereinabove.

8. As to each respective vessel and defendants, due demand has been made and disregarded and the amounts shown are unpaid, due and owing.

9. Plaintiff further seeks to recover from defendants interest as legally permitted, both pre- and post-judgment at the highest rate allowable by law.

10. As a result of defendants' breaches of contractual agreement and non-payment of the charges due and owing, plaintiff has been forced to retain counsel and thus plaintiff seeks reimbursement of all reasonable and necessary attorneys' fees and expenses incurred by it resulting from said breaches. Plaintiff is entitled to recover reasonable and necessary attorneys' fees as set out in the contractual documents and under applicable statutes including but not limited to Texas Civil Practice & Remedies Code chapter 38. In regard to such statute recovery is appropriate because this is a suit upon a written contract which is listed in § 38.001(8) and plaintiff was forced to retain counsel who duly presented its claims.

WHEREFORE, plaintiffs pray:

a. That summons in due form of law, according to the practice of this Honorable Court against the *in personam* defendants requiring defendants to appear and answer the allegations herein;

b. That as appropriate, warrants of arrest of seizure be issued and served on the *in rem* defendants requiring such be taken into the custody of the U.S. Marshal; that in due course the vessels be condemned and sold to satisfy any judgment entered;

c. That judgment be entered in favor of plaintiff against the defendants for the amounts pleaded herein above as well as attorney's fees, together with interest and the costs and disbursements incurred and

d. That this Honorable Court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

OF COUNSEL:

Julian & Seele, P.C.

/s/William H. Seele
WILLIAM H. SEELE
Admission I.D. No. 3347
Texas State Bar No. 17979700
E-mail: wseele@julianandseele.com
1220 Blalock Road, Suite 160
Houston, Texas 77055-6473
Telephone: 713 464 1336
Telefax   :  713 464 1283

Attorney-in-Charge for Plaintiff

VERIFICATION

THE STATE OF TEXAS §

COUNTY OF GALVESTON §

BEFORE ME, the undersigned authority, on this day personally appeared Andy Ryan, who is well known to me and who, after first being duly sworn, did depose and say that:

My name is Andy Ryan and I am over eighteen years and competent and able to make this verification. I am the President of Ryan Marine Services, Inc .and am personally familiar and knowledgeable about the services and dealings with Bouchard Transportation Co., and the vessels identified in the foregoing Amended Verified Complaint. I have read the Amended Verified Complaint and that the allegations therein contained are true and correct to the best of my knowledge. All legal offsets and credits have been given and the amounts shown in the foregoing complaint are true and correct.

_____
Andy Ryan

SWORN TO and SUBSCRIBED BEFORE ME, the undersigned notary public, on this the 14th day of April, 2020.

Donna Rachelle Chafin-Warren
My Commission Expires
11/20/2022
ID No. 131801852

_____
Notary Public in and for the
State of Texas
Notary I.D. No. 131801852

My Commission Expires:

11-20-2022

-6-

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Amended Verified Complaint is being served upon the attorney-in-charge for the defendant Bouchard Transportation Co. Inc. in accordance with the Federal Rules of Civil Procedure and the rules related to electronic filings on this the 15th day of April, 2020 as follows:

Marshall Swanson
mswanson@welderleshin.com
James F. Buchanan
jbuchanan@welderleshin.com
Welder Leshin LLP
800 North Shoreline Boulevard
Suite 300, North Tower
Corpus Christi, Texas 78401

OF COUNSEL:

JULIAN & SEELE, P.C.

/s/ William H. Seele
William H. Seele
Texas Bar No. 17979700
Federal ID No. 3347
wseele@julianandseele.com
1220 Blalock Road, Sutie 160
Houston, Texas 77055-6473
Telephone: 713 464 1336
Telefax    : 713 464 1283

Attorney-in-charge for Plaintiff